(114 App. Div. 759)

GRENDON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. SCHOOLS AND SCHOOL DISTRICTS—RESIGNATION OF TEACHER—DURESS.

The by-laws of the board of education of the city of New York provided that the marriage of a female teacher vacated her position and that she could be removed therefor. The attention of a teacher who had recently been married was called to this regulation by the principal of the school in which she was teaching and also by the district superintendent. Upon their assurance that it would be necessary to do so, she resigned. *Held,* that such resignation was not obtained by fraud or duress, though the regulation in question was subsequently held by the Court of Appeals illegal and void.

2. SAME—MANDAMUS—LACHES.

A delay of nearly a year in applying for reinstatement after the decision of the Court of Appeals constituted such laches as would justify the denial of her application for mandamus against the board.

Appeal from Special Term, Kings County.

Application of Mary L. Grendon for a peremptory writ of mandamus against the board of education of the city of New York, requiring it to set a day in order to take proof and determine whether her resignation as public school teacher was her free act or was obtained by fraud and duress. From an order denying her motion, petitioner appeals. Affirmed, without costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

MacDonald De Witt, for appellant.

James D. Bell (William Hughes, on the brief), for respondent.

HIRSCHBERG, P. J. I do not think the court should interfere with the discretion exercised by the learned Special Term in denying the petitioner's application. She was duly appointed a public school teacher by the board of education of the then city of Brooklyn on April 12, 1892, and continued to perform her duties in that city and in the

Greater New York after consolidation until her resignation in September, 1903. Since that time she has occasionally served as a substitute teacher. At the time of her appointment she was unmarried, but on July 30, 1903, she married. At that time the by-laws of the board of education of the city of New York provided in effect that the marriage of a female teacher vacated her position and that she could be removed therefor. After the fact of her marriage was disclosed by her, her attention was called to the by-laws in this regard by the principal of the school in which she was teaching and also by the district superintendent, and upon their assurance that it would be necessary for her to resign she did resign, as already stated. I do not think that the record shows that any duress or coercion was exercised in order to induce her to resign. It is well known that it was a common custom of married teachers to resign upon their marriage, in obedience to the by-laws, and voluntary obedience to the rules and regulations, whether lawful or otherwise, cannot be regarded as duress in a legal sense.

In February, 1904, the Court of Appeals, in People ex rel. Murphy v. Maxwell, 177 N. Y. 494, 69 N. E. 1092, held that the regulation in question was illegal and void, and on the 28th of December, 1905, the petitioner applied to the board of education to revoke its acceptance of her resignation and to reinstate her as a teacher. This not having been done, she made the petition for a mandamus, the order denying which is now under review; such petition being verified January 29, 1906. No sufficient excuse appears in the record for the long delay in the institution of this proceeding after the decision of the Court of Appeals, and, were there no other ground for denying the petitioner's application, the denial would be justified by her laches. In view of the many cases of resignations and the time which has elapsed, it would greatly embarrass the authorities of a. city who have charge of public education if all who have resigned could be reinstated upon the mere suggestion that in resigning as teachers they did so upon the assurance of their supervisors that they could be forced out of their places by virtue of the by-laws, and that such assurance constituted legal duress.

The order should be affirmed, but I advise, under the circumstances, that it be without costs. All concur.